OPINION
Defendant-appellant, Ronald S. Watson, appeals a judgment rendered by the Mahoning County Common Pleas Court, adopting the magistrate's decision which awarded a one-half interest in land to plaintiff-appellee, William C. Watson.
Samuel Watson (Samuel) and William Cecil Watson (Cecil) were brothers who carried on various business ventures together. On August 3, 1967, Samuel and Cecil entered into a land contract to purchase land located in Springfield Township, Mahoning County, Ohio, from Pauline Schwartz (Pauline). Samuel and Cecil both worked on the land, which they had used as a farm, and both contributed almost equally to paying for the farm and for taxes on the farm.
On August 18, 1976, Richard Schwartz (Schwartz) and Helen Rose Davis (Davis), the heirs of Pauline, gave a deed to the subject land which was only in the name of Samuel. Samuel's name was the only name on the deed allegedly as a result of a meeting which Samuel and Cecil had with Attorney James Bennett (Attorney Bennett) in July or August of 1976, wherein both Samuel and Cecil instructed Attorney Bennett to prepare a deed containing only Samuel's name. A written instruction to draft the deed in this manner was never produced. Samuel died in 1995 and Cecil was named executor of Samuel's estate. Cecil thereafter learned that the deed to the land in question was in Samuel's name only and that Samuel passed the land by will to his son, Ronald Watson (Ronald).
Cecil filed a complaint claiming a one-half interest in the land. The complaint named Samuel's estate, Schwartz, Davis, and was later amended to include Ronald. Schwartz and Davis were dismissed without prejudice after they stipulated that they did not have knowledge of any circumstances surrounding the problematic deed and would sign any documents necessary to carry out the final orders or decisions of this case. Cecil died on March 28, 1997, and Anne Splain was named executrix of Cecil's estate. Splain (hereinafter referred to as appellee) was granted permission to carry on the cause of action in the present matter on Cecil's behalf.
On July 6, 1998, this matter was tried before a magistrate. The magistrate rendered his decision on July 15, 1998, which awarded an undivided one-half interest to appellee. Neither Ronald nor Samuel's estate (hereinafter referred to collectively as appellants) filed objections to the magistrate's decision with the trial court. On July 30, 1998, the trial court adopted the magistrate's decision. This appeal followed.
Appellant's sole assignment of error on appeal states:
 "THE JUDGMENT ENTRY OF THE COURT BELOW AFFIRMING THE MAGISTRATE'S DECISION IS NOT SUSTAINED BY THE EVIDENCE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW.
Appellant's failure to file objections to the magistrate's report precludes us from reaching the merits of his arguments. A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b). "This rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b), commentary.
In the matter before us, the record reflects a failure on appellant's part to file objections to the magistrate's decision. Instead, appellants allowed the lower court to adopt this decision as its own, then filed the present appeal. According to the language of Civ.R. 53, appellants are prohibited from raising any issues in this appeal because they have waived them. See Thomas v. Thomas (Nov. 1, 2000), Jefferson App. No. 99-JE-59, unreported, 2000 WL 1672879; Southgate I II, Inc. v. Ohio Dept. ofHealth (Nov. 16, 1999), Mahoning App. No. 97-CA-182, unreported, 1999 WL 1050096.
Notwithstanding the foregoing, the magistrate's decision was not contrary to law. The evidence indicated that Cecil did not abandon the land. Cecil continued to participate in the farming operations, paid for cattle and taxes and shared in rental proceeds until Samuel's death. The magistrate was correct in concluding that testimony about Cecil's alleged instruction regarding title to the deed did not overcome the Statute of Frauds. Therefore, the magistrate properly found that appellee had an undivided one-half interest in the land.
Appellant's sole assignment of error is without merit.
 ___________________ DONOFRIO, J.
Vukovich, J., concurs, Waite, J., concurs